UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY LONGO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1835 CDP |
| ) | |
| R.E. MONSON, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Mary Longo was injured in an automobile accident involving a truck owned by R.E. Monson. She and her husband Thomas filed suit in state court. Mary's claim alleged negligence and Thomas's alleged loss of consortium. Both counts sought unspecified damages "in an amount fair and reasonable under the circumstances." R.E. Monson removed the case on the basis of diversity of citizenship, alleging that the amount in controversy exceeded $75,000. The Longos seek remand contending that the jurisdictional amount is not satisfied.

I conclude that Mary's negligence claim exceeds the amount of $75,000, exclusive of interest and costs. Because complete diversity exists and Mary's claim satisfies the amount in controversy requirement, this Court has supplemental jurisdiction over Thomas's loss of consortium claim. I will deny the motion to

remand.

## I. Factual Background

Plaintiffs Mary and Thomas Longo are Missouri citizens who filed this suit in the Circuit Court for the City of St. Louis. Defendant R.E. Monson, Inc., is a common carrier incorporated in the state of Iowa with its principal place of business in Iowa. The case arises out of personal injuries allegedly suffered by plaintiff Mary Longo when she was in a motor vehicle accident with a tractor trailer truck owned by Monson and operated by one of its employees. The state court petition has two counts: in Count I Mary asserts a claim of negligence; in Count II Thomas asserts a claim of loss of consortium. Each count prays for damages in "an amount fair and reasonable under the circumstances."

Monson removed this action to federal court on the basis of diversity jurisdiction, stating that the amount in controversy exceeds $75,000, exclusive of interest and costs. The Longos seek remand, arguing that Monson has failed to demonstrate that the claim of each plaintiff exceeds the jurisdictional requirement for the amount in controversy. Monson's argument for removal relies on the Longos' pre-suit settlement demand of $125,000, the Longos' refusal to sign a stipulation that the damages will not exceed $75,000, and the demand letter calculating that Mary Longo's future medical expenses will exceed $33,000. The

Longos argue that Monson has not met its burden of showing the requisite amount in controversy; they point out that Mary's past medical expenses total only approximately $6,500. They also argue that Thomas's claim is separate and distinct and must meet the amount-in-controversy requirement on its own.

**II.     Discussion**

Under 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this civil action if the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Complete diversity exists here and the only issue is whether the amount in controversy has been met. Monson, as the party seeking removal and opposing remand, has the burden of establishing federal subject matter jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n. 13 (8th Cir. 1978)).[1]

---

[1] There remains some controversy regarding the appropriate burden of proof to be placed on a defendant in a removal action when the state court petition does not specify the amount of damages sought. See Gonzalez-Lopez v. Fahle, 2005 WL 2708832 (E. D. Mo. Oct. 21, 2005)(discussing district and circuit cases and concluding that the 8th Circuit has not definitively determined the issue in this context); see also James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828 (8th Cir. 2005); In re Minnesota Mutual Life Insurance Co. Sales Practices Litigation, 346 F.3d 830 (8th Cir. 2003); Trimble v. Asarco, 232 F.3d 946 (8th Cir. 2000); Hill v. Ford Motor Co., 324 F.Supp.2d 1028 (E.D. Mo. 2004); Commercial Coverage, Inc. v. Paradigm Ins. Co., 998 F.Supp. 1088 (E.D. Mo. 1998). The exact burden is inconsequential to this case because I find that defendant has met both the preponderance of the evidence standard and the higher "legal certainty" standard.

Under 28 U.S.C. § 1367, if a district court has original jurisdiction over some claims in a civil action supplemental jurisdiction covers "all other claims that are so related to claims in the action ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Supreme Court recently resolved a circuit split and determined that a court can exercise supplemental jurisdiction in a diversity case when one plaintiff satisfies the amount in controversy requirement but other plaintiffs do not. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611 (2005). The Court concluded that so long as "the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim." Id. at 2620. As for the subsequent step of determining whether to exercise supplemental jurisdiction, the Court states that "[n]othing in the text of §1367(b) ... withholds supplemental jurisdiction over the claims of plaintiffs permissively joined under Rule 20." Id. at 2621.

Mary and Thomas's claims arose from the same automobile accident, so they form part of the same case or controversy. Under the plain language of the supplemental jurisdiction statute and Exxon Mobil, this Court must deny remand if either of the Longo's claims satisfies the jurisdictional amount.

Given the settlement demand for $125,000 and plaintiffs' refusals to sign

affidavits or stipulations limiting damages, I conclude that the amount in controversy for plaintiff Mary Longo's claim of negligence exceeds the sum of $75,000, exclusive of interest and costs. There is complete diversity and Mary's claim satisfies the amount in controversy requirement, so this Court has supplemental jurisdiction over Thomas's claim as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand [#7] is DENIED.

**IT IS FURTHER ORDERED** that defendant's discovery motions [#9, 10] are denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of December, 2005.